JUSTIN D. WHATCOTT, IDAHO STATE BAR NO. 6444
ACTING UNITED STATES ATTORNEY
DAVID G. ROBINS, IDAHO STATE BAR NO. 8494
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:21-cr-00332-001 |
| Plaintiff,<br>vs. | **UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM** |
| NATHANIEL LEE SMITH, | |
| Defendant. | |

The Defendant comes before the Court having pleaded guilty to the charge of Possession of Obscene Visual Representation of the Sexual Abuse of Children in violation of 18 U.S.C. § 1466A(b)(1).

The Government recommends that the Court sentence the Defendant to 78 months in prison with 15 years of supervised release. This is a fair sentence balancing the mitigation (first conviction, good conduct on pretrial release) and aggravation (toddler pornography, sadomasochistic child pornography, high image count, significant victim harm, children victims, obscenity and child pornography, distribution, repugnant crime). The victims deserve

**UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM - 1**

compensation as well. The Government also requests that the Court order the Defendant to pay restitution and forfeit the property listed in the Preliminary Order of Forfeiture.

## I.  BACKGROUND

The Defendant was collecting child pornography and obscenity showing the sexual abuse of children (hereafter simply referred to as "obscenity') using P2P servers. (ECF No. 80, ¶ 6). Law enforcement detected his activities in 2019 and secured a search warrant for his residence, person, and vehicle. (ECF No. 80, ¶¶ 8-9).

On June 25, 2019, law enforcement executed the search warrant. (ECF No. 80, ¶¶ 9-18). To begin, they stopped the Defendant and searched his car. In his car, law enforcement found a portable hard drive and tablet computer that had child pornography and obscenity on it. (ECF No. 80, ¶ 16). The child pornography and obscenity depicted infants, toddlers, and sadomasochism. *Id*. Additionally, computers seized from the Defendant's residence corroborated the use of P2P software and downloading of child pornography, based on names of files that were downloaded by deleted.

The Defendant was charged with the Possession of the Obscene Visual Representation of the Sexual Abuse of Children in violation of 18 U.S.C. § 1466A(b)(1). He pleaded guilty to this charge on July 15, 2024, after entering into a plea agreement with the Government. (ECF No. 64). He is set to be sentenced for this crime on June 11, 2025.

## II.  APPLICABLE SENTENCING GUIDELINES RANGE

The Government agrees with the PSR's guideline calculation. The details are as follows:

- Total Offense Level = 30

- Criminal History Category = I

- Applicable Guideline Range = 97-121

**UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM - 2**

The Government will recommend a downward variance of -2 regarding the "use of computer" guideline per USSG 2G2.2(b)(6). This would modify the numbers accordingly:

- Total Offense Level = 28

- Criminal History Category = I

- Applicable Guideline Range = 78-97

It appears that the PSR author anticipated this variance and incorporated it into his recommendation. (ECF No. 81).

### III.    SENTENCING ANALYSIS UNDER 18 U.S.C. § 3553

**A.    The Nature and Circumstances of the Offense.**

This case involves severe child pornography with multiple identified victims. The nature of the crime (masochism), quantity of images (over 1,000+ image count), age of victims (toddler), and type of offending material (real child pornography and obscenity) justify a guideline sentence. Additionally, this case has a dynamic that is troubling and should be addressed in sentencing. Why did the Defendant commit the crime and thereby inflict untold suffering on his victims? For sexual pleasure. The Defendant was willing to disregard the welfare of children for hedonistic indulgence. This, along with other salient features above, all justify a guideline sentence.

**B.    The History and Characteristics of the Defendant.**

The Defendant presents with no criminal history and has done well on pretrial release. This is counterbalanced by what his crimes fundamentally say about him; he has paraphilia(s). He has sexual urges predicated on abusing children. Additionally, these paraphilias were reinforced through his consumption of child pornography and obscenity; meaning, he made

**UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM - 3**

matters worse by climaxing and reinforcing his paraphilic behaviors through these crimes.

Balancing these facts, a low-end—but within guideline—sentence is justified here.

**C.      The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment.**

Crimes against children are among the most serious and repugnant crimes in our society. A guideline sentence here is appropriate as it recognizes those who harm children will be held accountable. A lesser sentence will lower the standing of our judicial system, as it will reflect poorly on the regard our system has for vulnerable victims. Moreover, this case has identified victims. They will be notified of the outcome of this proceeding. Their positions are apparent and available in submitted materials; suffice it to say, a guideline sentence will properly recognize their pain and provide them with substantial justice that places them on a path to healing.

**D.      The Need for the Sentence Imposed to Afford Adequate Deterrence and to Protect the Public.**

The Court has the daunting task of deterring biologically compelled paraphilic behavior. Trying to cabin such impulses, as to both the Defendant and those similarly situated, requires a guideline sentence. The *costs* of consuming obscenity and child pornography must be high to outweigh the psychological *benefit* and compulsion the Defendant has in indulging his paraphilias. And that is a tough task, given that it touches on sexual impulses—a fundamental human desire. While tough, it is not impossible. A guideline sentence meets this balance and will provide proper deterrence and protection.

**E.      Summary.**

A low-end guideline sentence is best here when balancing all factors. The broad inputs in this sentencing are below.

**UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM - 4**

- Aggravation includes:
    - image count,
    - toddlers,
    - sadomasochism,
    - actual child pornography,
    - obscenity,
    - identified victims with significant psychic injury,
    - reinforced psychological paraphilia, and
    - distribution.
- Mitigation includes:
    - no criminal history,
    - mental treatment while on release,
    - acceptance of responsibility, and
    - good presentence conduct.

A dispassionate and full accounting of this case under 18 U.S.C. § 3553(a) justifies 78 months. 15 years of supervised release will ensure and prosocial changes cement, the Defendant continues in treatment, and is that he is held accountable as he attempts recovery.

## <u>CONCLUSION</u>

Application of 18 U.S.C. § 3553 supports a sentence of 78 months for the Defendant's commission of the crime of Possession of Obscenity Depicting the Sexual Abuse of Children.

**UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM - 5**

The Government submits that a sentence of 78 months is sufficient, but not greater than necessary, to accomplish the goals of sentencing in applying the 18 U.S.C. § 3553(a) factors.

Respectfully submitted this 4th day of June, 2025.

JUSTIN D. WHATCOTT
ACTING UNITED STATES ATTORNEY
By:


*/s/ David G. Robins*
DAVID G. ROBINS
Assistant United States Attorney

**UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM - 6**